UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ALFRED TRIPPETT, on behalf of himself and all others similarly situated, | : : : | Case no.  1:25-cv-9275 |
| Plaintiffs, | : : | |
| v. | : : | CLASS ACTION COMPLAINT AND <u>DEMAND FOR JURY TRIAL</u> |
| THE MUSEUM OF MODERN ART d/b/a MOMA DESIGN STORE, | : : : | |
| Defendant. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **INTRODUCTION**

1. Plaintiff Alfred Trippett brings this action on his own behalf and on behalf of all other similarly situated individuals against The Museum of Modern Art, a New York not-for-profit corporation doing business as MoMA Design Store. Plaintiff is legally blind and requires screen-reading software, including NVDA, to navigate and read website content. The term "blind" as used in this complaint refers to individuals whose visual impairments fall within the legal definition of blindness, whether they have limited residual vision or none at all.

2. Millions of individuals in the United States are visually impaired, including hundreds of thousands in New York. A growing portion of daily life requires the ability to independently access online platforms. Shopping, browsing, researching, comparing prices, and completing purchases are core consumer functions that must be accessible to blind users.

3. Defendant controls and operates the website located at https://store.moma.org/, which allows customers to browse and purchase a wide range of retail items, including home goods, toys, books, design objects, and electronic products. Yet the website contains barriers that prevent blind users

1

from navigating and conducting transactions independently. Because of these barriers, Plaintiff and other blind users cannot access the full range of products and services made available to sighted users.

4. Plaintiff resides in New York County. Defendant's principal address is 11 West 53rd Street, New York, NY 10019. Plaintiff attempted to use Defendant's website on October 23, November 1, November 3, and November 4 to purchase a specific product, the Retrospekt Snoopy Polaroid 600 Instant Camera priced at $179. During these visits, Plaintiff was prevented from independently reviewing product information, selecting product options, adding the product to the cart, and completing checkout due to barriers that affect screen-reader navigation.

5. These barriers include unlabeled dropdown menus, inaccessible promotional pop-ups that announce only a close button without conveying the promotional message, duplicate and looping product links, product images with missing alt text including the camera and tripod images, an ineffective "skip to content" mechanism, and keyboard traps during checkout. These barriers were also reflected and confirmed through a SortSite accessibility evaluation of the website, which identifies multiple WCAG violations across key navigational and transactional areas.

6. Because Defendant has failed to design, maintain, or update its website to be accessible, Plaintiff has been denied equal access to the goods and services offered. Plaintiff intends to return to the site but cannot do so unless Defendant corrects these barriers.

7. Defendant is a place of public accommodation under the Americans with Disabilities Act. Plaintiff brings this lawsuit to require Defendant to bring its website into compliance with accessibility standards and to ensure equal access for blind users on an ongoing basis.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12181 et seq. because the claims arise under Title III of the Americans with Disabilities Act. The Court also has jurisdiction under 28 U.S.C. § 1332. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the New York State Human Rights Law and the New York City Human Rights Law.

13. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant conducts business in this District and the events giving rise to the claims occurred here. Plaintiff attempted to use the website while located in this District, and the discrimination took place here.

14. Defendant purposefully offers goods for sale to New York residents and operates retail locations in New York. Defendant has directed its business operations and online commercial activity to consumers in this District. Because the exclusion and unequal access occurred here, this Court is the proper forum.

## PARTIES

15. Plaintiff is an individual residing in New York County. Plaintiff is legally blind and uses NVDA screen-reading software to navigate digital content. Plaintiff has been denied equal access to the goods and services offered by Defendant's website because of the accessibility barriers described in this Complaint.

16. Defendant is The Museum of Modern Art, a New York not-for-profit corporation, doing business as MoMA Design Store, with its principal address at 11 West 53rd Street, New York, NY 10019. Defendant owns, operates, and controls the website located at https://store.moma.org/. Through this

website, Defendant offers a wide range of consumer products for online browsing and purchase. The website is a place of public accommodation within the meaning of Title III of the ADA and applicable state and city civil rights laws.

## **NATURE OF THE CASE**

17. Online retail is a core part of modern commerce. Blind users rely on screen-reading software to browse products, compare items, and complete purchases independently. For screen-reading software to function, website content must be capable of being interpreted and announced as text. When a website is not structured this way, blind users cannot navigate it without assistance, even where sighted users can do so with ease.

18. The website operated by Defendant displays products, categories, and store offerings intended to be independently browsed and purchased online. However, the website is not designed or maintained in a manner that permits equal use by blind and visually impaired consumers. The structure and coding of the website prevent NVDA and similar screen-readers from conveying essential content and controls. As a result, blind users are denied the ability to browse and shop on equal terms.

19. Web accessibility guidelines, including the Web Content Accessibility Guidelines (WCAG), are widely available, well established, and routinely implemented by businesses to ensure equal digital access. Incorporating these standards does not alter the products offered and does not impose a burden on the business. Defendant has not adopted these standards. The result is exclusion.

## **FACTUAL ALLEGATIONS**

20. Defendant owns and operates https://store.moma.org/, which serves as an online retail platform for a large assortment of consumer products, including home goods, books, children's items, toys, games, and various technology and design objects.

21. Plaintiff visited the website on October 23rd, November 1st, November 3rd, and November 4th of 2025. Plaintiff intended to browse and likely purchase a specific product: the Retrospekt Snoopy Polaroid 600 Instant Camera, priced at $179. Plaintiff used NVDA during each visit.

22. Plaintiff encountered multiple accessibility barriers that prevented him from independently reviewing product details, navigating product categories, and progressing through the checkout flow. Product category menus and dropdown selections in the technology section were not labeled for screen-readers. Promotional pop-up windows appeared, but the content of the promotions was not announced. Only the existence of a close button was conveyed, which provided no meaningful information.

23. Product listings repeated in loops, causing Plaintiff to be redirected to the same items repeatedly. Some item links led to pages with no content. The images for the camera and related items lacked descriptive alt text, leaving Plaintiff unable to verify features, details, or appearance.

24. The website's skip to content control did not function properly for screen-reader navigation, which forced repetitive and disorienting travel through top-page elements. During the checkout process, Plaintiff was unable to move forward due to keyboard navigation barriers that prevented continued progress.

25. These issues were consistent with the accessibility violations identified in a SortSite audit of the website, which documented failures to provide proper alt text, form labels, link descriptions, and keyboard accessible functionality across multiple portions of the site.

26. As a result of these barriers, Plaintiff could not complete the same browsing and shopping experience available to sighted users. Plaintiff intends to return to the website and complete the intended purchase once Defendant corrects the accessibility issues.

27. Defendant has the ability to correct these barriers. The necessary coding updates are well established and widely used in the retail industry. Defendant has not taken steps to implement these measures, resulting in ongoing denial of equal access to blind and visually impaired consumers.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this case on behalf of himself and all other similarly situated blind or visually impaired individuals who have attempted to use Defendant's website and were unable to do so on equal terms. The proposed nationwide class consists of all legally blind individuals in the United States who have attempted to access https://store.moma.org/ and were denied equal access. Plaintiff also seeks certification of a New York subclass of legally blind individuals who reside in New York and experienced the same denial of access.

42. The number of visually impaired individuals in the United States is substantial, including many within New York. The class is therefore large, and joinder of each individual is impracticable.

43. The claims asserted by Plaintiff are typical of the claims of the class. Each class member has been denied equal access to the goods and services offered on the website because the website is not coded to work with screen-reading software. The same barriers that prevented Plaintiff from

searching for and purchasing the Retrospekt Snoopy Polaroid 600 Instant Camera also prevent other blind consumers from browsing, evaluating, and selecting products on the site.

44. Common questions of law and fact exist and predominate over any question affecting only individual members. These common questions include whether the website is a place of public accommodation under the ADA and whether Defendant failed to provide equal access to blind users in violation of federal, state, and city disability discrimination laws.

45. Plaintiff will fairly and adequately represent the class. Plaintiff's interests align with those of the class. Plaintiff is represented by counsel experienced in disability access litigation and class representation.

46. Certification is appropriate under Rule 23(b)(2) because Defendant has acted in a manner generally applicable to the class as a whole. The relief sought is declaratory and injunctive in nature and will secure accessible website functionality for all class members.

47. Certification is also appropriate under Rule 23(b)(3) because common questions of law and fact predominate, and a class action is a more efficient and practical method of resolving the claims than individual suits. A single action will avoid a multiplicity of similar cases and will promote judicial economy.

## FIRST CAUSE OF ACTION

*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)*

48. Plaintiff and the class reallege the allegations above.

7

49. Defendant owns and operates the website https://store.moma.org/, which functions as an online retail sales platform and is a place of public accommodation under the ADA.

50. Plaintiff and the class are legally blind individuals who rely on screen-reading software to browse and use websites. Defendant has not designed, maintained, or updated the website in a manner that allows screen-reading software to interpret and announce the website's content and controls. As a result, blind users are denied equal access to the goods and services that Defendant offers to sighted users.

51. Title III of the ADA prohibits discrimination in the full and equal enjoyment of the goods and services of a place of public accommodation. Discrimination includes the failure to make reasonable modifications to policies, practices, and procedures where such modifications are necessary to provide equal access. Discrimination also includes the failure to provide auxiliary aids and services that are necessary to ensure effective communication.

52. Accessible website design standards are widely available and routinely used by businesses. Adopting these standards does not change the nature of Defendant's business and does not create an undue burden. Defendant has not implemented these standards. Defendant has instead maintained a website that is incompatible with screen-reading software.

53. Defendant knew that the website was not accessible. The accessibility barriers are obvious to any entity operating an online retail platform. Defendant has continued to operate the website in this condition. Defendant has therefore acted intentionally in denying blind individuals equal access to its goods and services.

54. These violations are ongoing. Plaintiff and the class are entitled to injunctive relief requiring Defendant to bring the website into compliance with the ADA. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

*(Violation of New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law § 292 et seq.))*

55. Plaintiff and the class reallege the allegations above.

56. The website is a place of public accommodation under the New York State Human Rights Law. Defendant owns and operates the website and is therefore responsible for ensuring equal access.

57. Defendant has refused to remove accessibility barriers that prevent blind users from browsing and purchasing goods on equal terms. Defendant's failure to provide accessible online access denies Plaintiff and the class the accommodations, advantages, and privileges that Defendant makes available to sighted consumers.

58. Reasonable modifications to website coding and structure are readily achievable. These modifications have been widely implemented across the retail industry. They do not fundamentally alter the nature of Defendant's business. Defendant has chosen not to implement them.

59. Defendant's refusal to correct the barriers, despite knowledge of their existence, constitutes intentional discrimination under the New York State Human Rights Law. Plaintiff and the class are entitled to injunctive relief, compensatory damages, civil penalties, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

*(Violation of New York State Civil Rights Law,
NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))*

78. Plaintiff and the class reallege the allegations above. Notice has been provided to the Attorney General as required.

79. Blind individuals are entitled to full and equal enjoyment of the accommodations, advantages, and privileges of places of public accommodation. Defendant has directly and indirectly denied Plaintiff and the class those rights by maintaining a website that cannot be independently used with screen-reading software.

80. Defendant's refusal to correct the website's accessibility barriers, despite being in a position to do so, constitutes intentional discrimination. Plaintiff and the class are entitled to statutory damages for each instance of discrimination.

## FOURTH CAUSE OF ACTION

*(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)*

81. Plaintiff and the class reallege the allegations above.

82. The New York City Human Rights Law provides broad protections for individuals with disabilities. It requires covered entities to make reasonable accommodations to ensure that individuals with disabilities can access their goods and services.

83. Defendant has failed to make the website accessible, despite the availability of coding modifications that would provide meaningful access. Defendant's ongoing refusal to correct these barriers, while

continuing to solicit and conduct online retail activity, constitutes intentional discrimination under the New York City Human Rights Law.

84. Plaintiff and the class are entitled to injunctive relief, compensatory damages, civil penalties, and attorneys' fees.

## FIFTH CAUSE OF ACTION

*(Declaratory Relief)*

85. Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

86. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Website, which Defendant owns, operates and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the American with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq. prohibiting discrimination against the blind.

87. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Website, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Website is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Website, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) An order directing Defendants to continually update and maintain its website to ensure that it remains fully accessible to and usable by the visually-impaired;

f) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

g) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

h) For pre- and post-judgment interest to the extent permitted by law; and

i) For such other and further relief which this court deems just and proper.

Dated: Manhasset, NY
November 6, 2025

        GABRIEL A. LEVY, P.C.
        *Attorney for Plaintiff*

        **/s/ *Gabriel A. Levy, Esq.***

        By: GABRIEL A. LEVY, ESQ (5488655)
          1129 Northern Blvd, Suite 404
          Manhasset, NY 11030
          Tel: +1 347-941-4715
          Email: Glevy@glpcfirm.com